MARTIN v. CORNELL et al.

(Supreme Court, Appellate Division, First Department.  February 4, 1910.)

1. MASTER AND SERVANT (§ 289*)—INJURIES TO SERVANT—ELEVATOR ACCIDENT—
   CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
   Plaintiff was employed to run an elevator in defendant's factory, and
   the foreman got in and ran up to the third floor, where plaintiff had a
   bundle to deliver.  The foreman then told him to deliver the bundle, and
   he would wait for him till he came back.  On his return he found the
   chain down and the door partly open, and in the darkness attempted to
   step on the elevator, which in the meantime had presumably been run
   up to the fourth floor by the foreman, and he thus fell to the bottom of
   the shaft.  Held, in view of the foreman's assurance that he would wait
   for him, that he was not guilty of contributory negligence as matter of
   law.
   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089–,
   1132; Dec. Dig. § 289.*]

2. MASTER AND SERVANT (§ 182*)—INJURIES TO SERVANT—ELEVATOR ACCIDENT
   —ACT OF FELLOW SERVANT.
   Independently of the foreman's direction and assurance, the foreman's
   act of moving the elevator without putting up the chain and closing the
   door was the act of a fellow servant for which the master was not liable;
   the running of the elevator involving no "element of superior duty, super-
   vision, or command."
   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 371,
   372; Dec. Dig. § 182.*]

3. MASTER AND SERVANT (§ 182*)—INJURY TO SERVANT—NEGLIGENT ACT OR
   OMISSION OF SUPERINTENDENCE.
   The foreman's direction and assurance, however, were acts done by
   virtue of his authority as such, and his disregard of such assurance was
   a violation of duty as superintendent, the foreman under the circum-
   stances owing plaintiff the duty either not to move the elevator, or at
   least to close the opening so as to warn him on his return; and hence he
   was injured in consequence of a negligent act or omission of superintend-
   ence, within the meaning of the employer's liability act (Consol. Laws, c.
   31).
   [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 182.*]

Appeal from Trial Term, New York County.

Action by John G. Martin against Russel R. Cornell, Jr., and an-
other, trading as Cornell & Ward, for personal injury.  Plaintiff was
nonsuited, and he appeals.  Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE,
SCOTT, and MILLER, JJ.

Charles Goldzier, for appellant.
Bertrand L. Pettigrew, for respondents.

MILLER, J.  The plaintiff was employed to run an elevator in the
defendants' factory.  The foreman got into the elevator with him and
ran it up to the third floor, where the plaintiff had a bundle to deliver.
The plaintiff testified that the foreman said to him:

"You deliver that bundle, and I wait for you till you come back, and you
take me up to the fourth floor."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The plaintiff delivered his bundle, returned to the elevator shaft, and, finding the chain down and the door partly open, he attempted to step upon the elevator, and fell to the bottom of the shaft. In the meantime the elevator had been run up to the fourth floor, presumably by the foreman. It was dark about the opening into the shaft. In view of the assurance of the foreman that he would wait for him, the plaintiff was not guilty of contributory negligence as matter of law in attempting, on finding the chain down and the door open, to step upon the elevator without first ascertaining whether it was there; and so we come directly to the question whether the plaintiff was injured in consequence of a negligent act of superintendence.

The action is brought under the employer's liability act (Consol. Laws, c. 31). Independently of the direction and assurance of the foreman, his act in moving the elevator without putting up the chain or closing the door was the act of a fellow servant, for which the master would not be liable. The running of the elevator involved no "element of superior duty, supervision, or command" (see Gallagher v. Newman, 190 N. Y. 444, 83 N. E. 480, 16 L. R. A. [N. S.] 146); but not so the direction and assurance given by the foreman. Those were acts done by virtue of his authority as such. As superintendent, he commanded the plaintiff what to do, and assured him that the elevator would remain at the third floor until his return to it. Having given that assurance, he could not, as a fellow servant, ignore it and move the elevator, leaving the chain down and the door open, thus giving an appearance of having kept his word. The act of pulling the rope to start the elevator and the omission to put up the chain and close the door may have been acts of a fellow servant; but the disregard of the assurance given as superintendent was a violation of duty as such. In view of that assurance and direction, the foreman owed the plaintiff the duty as foreman either not to move the elevator, or, at least, if he did move it, to close the opening, so as to warn him when he returned that it had been moved. To distinguish between the negligence of the foreman in disregarding his assurance to the plaintiff and his negligence as a fellow servant in actually moving the elevator without putting up the chain or closing the door would require a splitting of hairs which we are not disposed to indulge in.

The conclusion that, in the view of the evidence most favorable to the plaintiff, he was injured in consequence of a negligent act or omission of superintendence, is supported by the decisions of our Court of Appeals and of the Supreme Judicial Court of Massachusetts. McHugh v. Manhattan Ry. Co., 179 N. Y. 378, 72 N. E. 312; McBride v. N. Y. Tunnel Co., 101 App. Div. 448, 92 N. Y. Supp. 282; affirmed 187 N. Y. 573, 80 N. E. 1113; Guilmartin v. Solvay Process Co., 189 N. Y. 490, 72 N. E. 725; Gallagher v. Newman, supra; McPhee v. New England Structural Co., 188 Mass. 141, 74 N. E. 303.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.